**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID DION WATKINS,

    Petitioner - Appellant,

 v.

LARRY SMALL, Warden,

    Respondent - Appellee.

No. 08-56363

D.C. No. 3:07-cv-00196-W-POR

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted October 6, 2010
Pasadena, California

Before: CUDAHY,[**] WARDLAW and W. FLETCHER, Circuit Judges.

 David Dion Watkins appeals the district court's denial of his petition for

habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we

affirm.

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The Honorable Richard D. Cudahy, Senior United States Circuit
Judge for the Seventh Circuit, sitting by designation.

It was not unreasonable for the California Court of Appeal on review of Watkins's state habeas petition to determine that Watkins failed to show that the prosecution engaged in discriminatory conduct under *Batson v. Kentucky*, 476 U.S. 79 (1986). The trial record shows that at least one African-American was empaneled on the jury. Even if the trial court had conducted a comparative juror analysis scrutinizing the justifications proffered for excluding the African-American panelists and considering whether those justifications applied equally to white jurors, *see Miller-El v. Dretke*, 545 U.S. 231, 241 (2005), Watkins fails to show that such an analysis would have demonstrated that the prosecutor's race-neutral justifications for the peremptory challenges were pretextual. *See Kesser v. Cambra*, 465 F.3d 351, 360 (9th Cir. 2006) (en banc) ("[I]f a review of the record undermines the prosecutor's stated reasons, or many of the proffered reasons, the reasons may be deemed a pretext for racial discrimination." (alteration in original) (quoting *Lewis v. Lewis*, 321 F.3d 824, 830 (9th Cir. 2003))).

Therefore, the California Court of Appeal's decision was neither an unreasonable application of clearly established federal law nor an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

**AFFIRMED.**